# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD FANTAZIER,** | : | |
| Plaintiff | : | |
| | : | No. 1:19-cv-1332 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN BRIAN CLARK, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

On July 31, 2019, pro se Plaintiff Ronald Fantazier ("Plaintiff"), who is presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania ("DCP"), initiated the above-captioned civil action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Warden Brian Clark ("Clark") and Food Service Supervisor Miller ("Miller"). (Doc. No. 1.) He also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) In an Administrative Order dated August 2, 2019, the Court directed Warden Clark to provide to Plaintiff and the Court, within fifteen (15) days, certified copies of Plaintiff's trust fund statement reflecting all activity for the six (6)-month period preceding receipt of Plaintiff's complaint by the Court. (Doc. No. 5.) The Court received the certified trust fund account statement on August 8, 2019. (Doc. No. 7.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and for the reasons set forth below, will grant Plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint with leave to amend.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

**I.      BACKGROUND**

Plaintiff alleges that general population inmates at DCP have the option of receiving hot coffee with breakfast. (Doc. No. 1 at 2.) He maintains, however, that Jewish inmates who keep a kosher diet, including Plaintiff, "are not entitled to any coffee." (Id.) Plaintiff states that Correctional Officers Taylor, Shay, and Sergeant Brown have warned him that "if [he] took a cup of the non-kosher coffee off [of] the general [population's] food cart [he] would be removed from [his] kosher diet." (Id. at 3.) As relief, Plaintiff asks that Defendant Miller start "adding single serving pack[ets] of coffee to all kosher breakfast meals." (Id.) He also requests to be reimbursed for filing fees and to receive $100.00 in compensatory damages. (Id.)

**II.     LEGAL STANDARD**

   **A.      Screening and Dismissal of Prisoner Complaints**

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6)

3

motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

**B.     Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United

4

States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Complaint

Liberally construing Plaintiff's pro se pleading, the Court construes the complaint as alleging violations of Plaintiff's equal protection rights under the Fourteenth Amendment. As noted above, Plaintiff has named Warden Clark and Food Service Supervisor Miller as the sole Defendants in this action. Plaintiff, however, fails to provide any allegations of personal involvement in his complaint against Defendants. Plaintiff has not alleged how Defendants were involved in the conduct giving rise to this action. Rather, it appears that Plaintiff seeks to hold Defendants liable by operation of the theory of respondeat superior. Supervisors, however, are not typically liable under § 1983 solely on this theory. See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode, 845 F.2d at 1207). Rather, personal involvement may be established through allegations of personal direction or of actual knowledge and acquiescence. See Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207. As the United States Court of Appeals for the Second Circuit stated in Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985), a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. See id. at 210.

In the case at bar, the Court finds that Plaintiff's complaint fails to allege any personal involvement by Defendants. Plaintiff fails to even mention Defendant Clark in the body of his complaint. As pled, Plaintiff's claims against Defendants Clark and Miller consist, at most, of little more than assertions of respondeat superior. As a matter of law, under the standard articulated supra, these assertions do not suffice to state a claim against Defendants. Accordingly, the Court will dismiss Plaintiff's complaint.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

6

Based on the foregoing, the Court will permit Plaintiff to file an amended complaint that corrects the deficiencies identified herein. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Doc. No. 2) and dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint consistent with the Court's discussion herein. An appropriate Order follows.